

*1050947182*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC -1 2021

RICK WARREN
COURT CLERK

108

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

SCOTT HANNAY AND TERESA HANNAY, )
Individually and as Husband and Wife, and )
                        )
          Plaintiffs, )
                        )
vs.                     )    Case No. CJ-2021-4950
                        )
THE CITY OF BETHANY,       )
                        )
          Defendant. )

## FIRST AMENDED PETITION

COME NOW, the Plaintiffs, Scott Hannay ("Scott") and Teresa Hannay ("Teresa"), individually and as husband and wife (collectively, "Hannays" or Plaintiffs"), and for their causes of action against the Defendant, The City of Bethany ("City"), allege and state as follows:

## PARTIES

1.     The Plaintiffs are individuals and residents of the city of Bethany, Oklahoma County, State of Oklahoma.

2.     The Defendant, City, is a Political Subdivision organized and existing under the laws of the State of Oklahoma, located and doing business in Oklahoma County, Oklahoma, and is the owner and operator of a sewer system located within the boundaries of said municipality.

## JURISDICTION AND VENUE

3.     Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein, and further state as follows:

4.     This Court has both *in personam* and subject matter jurisdiction over the parties and claims asserted herein because all relevant events occurred in the city of Bethany, Oklahoma County, State of Oklahoma.

5.     The District Court of Oklahoma County has proper venue for this action under 12

O.S. §§ 131, 134 and 51 O.S. § 163.

      6.     The Plaintiffs have fully complied with all requirements of The Governmental Tort Claims act, 51 O.S. § 151, *et seq.*, (the "Act") and are entitled to assert all claims herein, applicable to, and brought under the Act.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

      7.     Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein, and further state as follows:

      8.     The Hannays are the owners of residential real estate located at 6400 N.W. 31st Terrace, Bethany, OK 73008, which is legally described as follows:

> Lot Twelve (12), in Block One (1) of BRENTMARK IV, an Addition to the City of Bethany, Oklahoma, according to the recorded plat thereof.

(the "Property").

      9.     The Hannays purchased the Property by Warranty Deed in December 2017, for investment purposes, and own the Property as Joint Tenants with rights of survivorship.

      10.     At all times material, the City was responsible for the maintenance, repair, and operation of a sewer line which provides services to the Property and other properties of nearby homeowners.

      11.     After they purchased the Property, the Hannays retained Level Up Foundation Repair, LLC ("Level Up") to correct foundation problems on the house located on the Property. The work was completed in January 2018, and included driving 18 concrete piers to raise and stabilize the house's foundation.

      12.     In October 2019, Tom Seymour ("Seymour"), the City's Water Plan Supervisor, contacted Scott about City sewer line problems. Seymour alleged that blockages and/or leakages on the sewer line were occurring on the Property. On October 18, 2019, Scott met with Seymour,

Brad Brown ("Brown"), the former City Manager, and Reese Daugherty ("Daugherty"), the former City Engineer, at the Property to discuss the sewer line issues.

13.   The City employees alleged that the piers installed to level the house had pierced the City's sewer line.

14.   Shortly thereafter, the City's former Attorney, Claudia Conner ("Conner"), made demand on Level Up to remove the concrete piers claiming Level Up damaged the City's underground sewer line, thereby allegedly causing leakages on the Property. Level Up declined to respond to the City.

15.   On January 14, 2020, the City then made a claim against the Hannays' insurer, seeking repairs to the sewer line leakages, who rejected the claim. Conner, acting on the City's behalf, subsequently informed the Hannays' insurance agent, Gary Unruh, that the City would sue the Hannays because the City had an easement on the Property for the sewer line.

16.   Following the City's threat to sue, the Hannays began an investigation into whether a properly recorded easement existed for the City's sewer line. On July 20, 2020, the Hannays met with John Shugart ("Shugart"), interim City Manager, and former City Engineer, Daugherty. At this meeting, the Hannays presented their preliminary findings which appeared to show the City's sewer line was not located within the City's easement and that there did not appear to be an easement for the sewer line, where the sewer line was located on the Property, as it appeared to be beneath the Hannay house on the Property. Shugart represented to the Hannays that he would investigate the easement issue, and respond with his findings. He never did so.

17.   On August 5, 2020, after a week-long research into the issue, Stewart Title formally confirmed to the Hannays that the City did not have any easement of record for the sewer line that ran under the house on the Property.

18.     Upon Stewart Title's aforesaid investigation and research, and its disclosure of the same to the Hannays, they discovered that there is no basis in law or fact for the City to assert any legitimate claim for an easement for this sewer line, which was located underneath their house. While there are City utility easements identified in the record, the sewer line which runs under the house on the Property is well outside the utility easements which the City identifies on its' plats, thereby undermining any possibility that the City can claim an easement over the Property for the said sewer line.

19.     On September 29, 2020, the Hannays' former counsel, John Miller ("Miller"), emailed the City's interim City Attorney, Ray Jones ("Jones"), seeking resolution of this matter. On November 20, 2020, the Hannays and their then-attorney, Miller, met with Jones and Daugherty at Miller's office to discuss this matter. Just as Shugart previously represented in July 2020, Jones also represented he would investigate this matter and respond with his findings. He also failed to respond.

20.     Absent a properly recorded easement, the City's leaking sewer line running under the house on the Hannays' Property constitutes a continuing trespass, private nuisance, public nuisance, unconstitutional taking and inverse condemnation. Furthermore, the leaking sewer line located under the house on the Property has caused, and continues to cause, damage to the Property, which makes it unmarketable, and without any reasonable measurable value due to Plaintiffs' disclosure obligations.

21.     The Plaintiffs have properly served the City with a Notice of Tort Claim for damages due to its wrongful placement of the sewer line on the Property without a proper easement which would have other authorized the City to do so. The City denied the Plaintiffs' claim, and they timely commenced this action after notice of the City's denial of Plaintiffs' claim.

## COUNT I
**(Trespass)**

22.     Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein, and further state as follows:

23.     By operating a leaking sewer line under the house on the Hannays' Property, without a properly recorded easement, the City has made, and continues to make an actual physical invasion of, and encroachment on, the Property without Plaintiffs' permission or consent, which constitutes a wrongful interference with Plaintiffs' right of use and enjoyment of the Property, as well as an unlawful trespass.

24.     As a direct and proximate result of the City's wrongful and continuing trespass, Plaintiffs have suffered damages in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332.

WHEREFORE, premises considered, the Plaintiffs pray for judgment, on Count I of their Petition against the City for damages in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332, plus interest, attorney's fees and costs and any other relief the Court deems just and proper.

## COUNT II
**(Negligence)**

25.     Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein, and further state as follows:

26.     At all times material, the City had a duty to operate its sewage system, and the leaking sewer line running under the house on the Hannays' Property, in a lawful manner so as to not endanger the public health and damage the Property.

27.     The City breached this duty by:

    a.     Failing to obtain a legal and lawfully recorded easement for the leaking

sewer line running under the house on the Hannays' Property;

        b.     Negligently maintaining and operating the sewer line by allowing it leak or become obstructed; and

        c.     Failing to disclose the leaking sewer line to the Hannays, or prior owners of the Property, prior to Plaintiffs purchase of the Property.

28.     As a direct and proximate result of the City's negligence, Plaintiffs have suffered damages in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332.

WHEREFORE, premises considered, the Plaintiffs pray for judgment, on Count II of their Petition against the City for damages in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332, plus interest, attorney's fees and costs and any other relief the Court deems just and proper.

## COUNT III
### (Private and Public Nuisance)

29.     Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein, and further state as follows:

30.     The City has operated, and continues to operate, the leaking sewer line running under the house on the Hannays' Property in an unlawful manner, thereby endangering the comfort, repose, health and safety of the Plaintiffs and others within the confines of the municipality.

31.     Upon Plaintiffs' information and belief, the City's actions and failures to act have resulted in sewage backing up into a number of households in the area.

32.     The City has also operated, and continues to operate, the leaking sewer line running under the house on the Hannays' Property in an unlawful manner, thereby damaging the Plaintiffs'

Property, and use and enjoyment of the same, which is, and has been, specially injurious to the Plaintiffs and its Property.

33.   The City's unlawful operation of the leaking sewer line, running under the house on the Hannays' Property, and failure to remediate the same, amounts to both a private nuisance and a public nuisance, both temporary and permanent in nature, thereby allowing Plaintiffs to recover for the following:

      a.   To restore their Property, improvements thereto and personal property, from temporary damages;

      b.   To restore their Property, and improvements thereto, from permanent damage, including diminution in value to their Property, improvements, and personal property;

      c.   For annoyance, inconvenience, and discomfort resulting from the City's creation of a private and public nuisance; and

      d.   For all monetary amounts spent, and amounts that will be spent in the future, in testing and investigating to determine the nature and extent of damage caused by the City's creation of a private and public nuisance, and remediating the same.

34.   As a direct and proximate result of the City's creation of a private and public nuisance, Plaintiffs have suffered damages in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332.

WHEREFORE, premises considered, the Plaintiffs pray for judgment, on Count III of their Petition against the City for damages in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332, plus interest, attorney's fees and costs and any other relief the Court deems just and proper.

<u>COUNT IV</u>
(Taking in Violation of 5th and 14th Amendments of
U.S. Constitution and Okla. Const., Art. II, Section 24)

35.      Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein, and further state as follows:

36.      Through the City's construction of, or acceptance of, and failure to relocate or repair the leaking sewer line, which runs under the house on the Hannays' Property, without notice to the Plaintiffs or prior owners of the Property, and without first securing a properly recorded easement, the City has deprived the Plaintiffs of the Property's substantial economic use and benefit, thereby rendering it unmarketable, and without any reasonable measurable value.

37.      This is especially true in that City's leaking sewer line has resulted, and continues to result, in noxious and harmful pollutants, including human waste, other organic pollutants, and potentially toxic elements being spread into the ground beneath the house and in, or on, other parts of the Property, further reducing its value and requiring expensive remediation and repair.

38.      The wrongful acts heretofore alleged against the City are a direct and substantial violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article II, Section 24 of the Oklahoma Constitution.

39.      The City's wrongful acts heretofore alleged has further resulted in an unlawful and unconstitutional taking of the Hannays' Property, without just compensation to the Plaintiffs, thereby damaging them in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332.

WHEREFORE, premises considered, the Plaintiffs pray for judgment, on Count IV of their Petition against the City for damages in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332, plus interest, attorney's fees and costs and any other relief the Court deems just and proper.

## COUNT V
### (Inverse Condemnation)

40.   Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein, and further state as follows:

41.   Inverse condemnation is a cause of action against a governmental defendant, such as the City, to recover the value of property which has been taken in actual fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency.

42.   Through the City's construction of, or acceptance of, and failure to relocate or repair the leaking sewer line, which runs under the house on the Hannays' Property, without notice to the Plaintiffs or prior owners of the Property, and without first securing a properly recorded easement, the City has deprived the Plaintiffs of the Property's substantial economic use and benefit, thereby rendering it unmarketable, and without any reasonable measurable value, amounting to an inverse condemnation.

43.   This is especially true in that City's leaking sewer line has resulted, and continues to result, in noxious and harmful pollutants, including human waste, other organic pollutants, and potentially toxic elements being spread into the ground beneath the house and in, or on, other parts of the Property, further reducing its value and requiring expensive remediation and repair.

44.   The City's wrongful acts heretofore alleged has further resulted in an unlawful inverse condemnation of the Hannays' Property, without just compensation to the Plaintiffs, thereby damaging them in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332.

WHEREFORE, premises considered, the Plaintiffs pray for judgment, on Count V of their Petition against the City for damages in an amount exceeding the federal jurisdictional amount for

diversity pursuant to 28 U.S.C. § 1332, plus interest, attorney's fees and costs and any other relief the Court deems just and proper.

## COUNT VI
### (Injunctive Relief)

45.     Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein, and further state as follows:

46.     Unless the City's continuing tortious misconduct, trespass, negligence, nuisance and unlawful taking is permanently enjoined and abated, the Hannays' will suffer substantial, immediate and irreparable injury, loss and damage.

47.     The Hannays are without an adequate remedy at law with respect to the City's continuing tortious misconduct, trespass, negligence, nuisance and unlawful taking of Plaintiffs' Property.

48.     As a result of the City's continuing tortious misconduct, trespass, negligence, nuisance, unlawful taking and inverse condemnation, the Hannays are entitled to the immediate entry of an order, restraining and enjoining the City from committing any further misconduct, trespass, negligence, nuisance and unlawful takings of the Plaintiffs' Property, as well as temporary and permanent injunctive relief, enjoining and abating the same.

WHEREFORE, premises considered, the Plaintiffs pray for judgment, on Count VI of their Petition against the City for damages in an amount exceeding the federal jurisdictional amount for diversity pursuant to 28 U.S.C. § 1332, a temporary restraining order, as well as temporary and permanent injunctive relief, enjoining the City from committing any further tortious misconduct, trespass, negligence, nuisance and unlawful taking of Plaintiffs' Property, and requiring the City to remediate all damage cause to the Property, or compensate the Plaintiffs for all damages, plus attorney's fees and costs and any other relief the Court deems just and proper

## COUNT VII
**(Declaratory Judgment)**

49.     Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein, and further state as follows:

50.     An actual controversy has arisen, and now exists, between the Plaintiffs and City regarding the parties' rights and/or duties relating to: (i) the City's right to encroach upon the Hannays' Property to enforce any alleged easement rights pursuant to the City's leaking sewer line; and (ii) the Hannays' ownership rights in, and to, the Property in fee simple, versus any rights asserted by the City's pursuant to its leaking sewer line.

51.     The Plaintiffs seek a declaration of rights, under the Oklahoma Uniform Declaratory Judgments Act, 12 O.S. §§ 1651-1657, determining that:

        a.     The City has no rights or legal interest in, and to, the ground underneath the house on the Hannays' Property, subject to any sewer easement of record or otherwise; and

        b.     The ground underneath the house on the Hannays' Property, belongs solely and exclusively to the Hannays, and the City has no right to enter underneath the house on the Property, related to its leaking sewer line.

WHEREFORE, premises considered, the Plaintiffs pray for judgment, on Count VII of their Petition against the City determining that:

1.     The City has no rights or legal interest in in, and to, the ground underneath the house on the Hannays' Property, subject to any sewer easement of record or otherwise;

2.     The ground underneath the house on the Hannays' Property belongs solely and exclusively to the Hannays, and the City has no right to enter underneath the house on the Property, related to its leaking sewer line; and

3.     The Hannays are entitled to recover the costs of this action, a reasonable attorney's

fee; and such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

Robert R. Redwine, OBA #18131
Rob@BethanyLaw.com
Direct Phone: 405-513-5700
Joseph C. Schubert, OBA #15468
Joe@BethanyLaw.com
Direct Phone: 405-418-3304
Ryan C. Owens, OBA #22258
Ryan@BethanyLaw.com
Direct Phone: 405-603-5080

THE BETHANY LAW CENTER, LLP
6666 NW 39th Expressway
Bethany, OK 73008
Fax: (405) 787-6913

*Attorneys for Plaintiffs*

## DECLARATION UNDER PENALTY OF PERJURY
## PURSUANT TO 12 O.S. § 426

My name is Scott Hannay, the co-Plaintiff in the above entitled and numbered lawsuit.

I state under penalty of perjury under the laws of Oklahoma that the facts stated in the foregoing Petition are true and correct to the best of my knowledge, information, and belief.

Executed on the _30_ day of _November_, 2021, at Oklahoma City, Oklahoma County, Oklahoma.

Scott Hannay